FILED

FEB 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCHERING-PLOUGH CORPORATION,    )

              Plaintiff,

      v.

UNITED STATES OF AMERICA,

              Defendant.

CASE NUMBER  1:07MS00075

JUDGE: John D. Bates

DECK TYPE: Miscellanous

DATE STAMP: 02/23/2007

## UNITED STATES' MOTION TO QUASH
## SCHERING-PLOUGH CORPORATION'S
## SUBPOENA TO MARGO L. STEVENS

The United States of America, defendant in the above-captioned civil
action in the U.S. District Court for the District of New Jersey, respectfully moves
the Court to quash the deposition subpoena dated February 6, 2007, served by
Schering-Plough Corporation, plaintiff in the above-captioned action, upon
Margo L. Stevens, Esq., the Assistant Chief Counsel (Disclosure & Privacy Law)
in the Office of Associate Chief Counsel (Procedure & Administration), Office of
Chief Counsel, Internal Revenue Service.

In the alternative, the United States respectfully asks the Court to stay all
proceedings on Schering-Plough's deposition subpoena dated February 6, 2007,
and to defer to the U.S. District Court for the District of New Jersey's forthcoming
ruling on the United States' pending motion, filed February 15, 2007, for a
protective order prohibiting Schering-Plough from deposing Ms. Stevens.

In support of this motion, the United States submits herewith the
Memorandum of Law in Support of United States' Motion to Quash Schering-
Plough Corporation's Subpoena to Margo L. Stevens, the Declaration of Richard

2252624.2

G. Jacobus and accompanying Exhibits 1, 2, and 3, and the Declaration of Margo

L. Stevens and accompanying Exhibits A, B, and C.

Dated:  February 21, 2007

Respectfully submitted,

DAVID M. KATINSKY
RICHARD G. JACOBUS
DARA B. OLIPHANT
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6435
                     (202) 616-0553
                     (202) 616-2470

Counsel for the United States

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2252624.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCHERING-PLOUGH CORPORATION,    )
                                )
            Plaintiff,          )        Misc. No. _____
                                )
        v.                      )
                                )
UNITED STATES OF AMERICA,       )    (Civil No. 05-2575 (JCL) (D.N.J.))
                                )
            Defendant.          )

## MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO QUASH SCHERING-PLOUGH CORPORATION'S SUBPOENA TO MARGO L. STEVENS

For the reasons set forth herein, the United States of America, defendant in

the above-captioned civil action in the U.S. District Court for the District of New

Jersey, respectfully asks the Court to quash the deposition subpoena dated

February 6, 2007, served by Schering-Plough Corporation, plaintiff in the above-

captioned action, upon Margo L. Stevens, Esq., the Assistant Chief Counsel

(Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure

& Administration), Office of Chief Counsel, Internal Revenue Service.  The

subpoena requests that Ms. Stevens appear for a deposition on February 28, 2007,

in Washington, D.C.[1]

---

[1] *See* Declaration of Richard G. Jacobus, submitted herewith, at ¶ 4, Ex. 1
(copy of subpoena).

## BACKGROUND

The disputed subpoena arises from a federal income tax refund suit pending in the U.S. District Court for the District of New Jersey. Schering-Plough seeks to recover about $473 million of federal income taxes and statutory interest allegedly overpaid. The merits hinge on the federal income tax treatment of financial transactions ("STRIPS") executed by Schering-Plough in 1991 and 1992. Contesting the tax on its merits, Schering-Plough contends that $690,400,000 of cash proceeds that it received from the 1991-1992 STRIPS transactions is not subject to income tax upon receipt. (Jacobus Decl. ¶ 8.)

As an independent theory of recovery, Schering-Plough complains that it was treated differently by the Internal Revenue Service ("IRS") than another taxpayer (the "First Taxpayer") that allegedly entered into a transaction identical to the 1991-1992 STRIPS transactions executed by Schering-Plough. The deposition subpoena issued by Schering-Plough to Ms. Stevens relates to this disparate treatment claim. (Jacobus Decl. ¶ 9.)

On July 28, 2006, the United States filed a motion for partial summary judgment regarding Schering-Plough's disparate treatment claim with the U.S. District Court for the District of New Jersey. If that court grants the United States' partial summary judgment motion and rejects Schering-Plough's

2

disparate treatment claim, discovery respecting that claim, including Ms.

Stevens' deposition, will be moot.  (Jacobus Decl. ¶ 10.)

Through discovery directed at the Internal Revenue Service ("IRS"),

Schering-Plough seeks documents, and depositions of current and former IRS

officials, relating to First Taxpayer.  In the above-captioned action, pending in the

District of New Jersey, the United States has objected to Schering-Plough's

discovery for the following reasons:

> A.  The discovery sought by Schering-Plough is irrelevant to
> the merits of the action.

> B.  Schering-Plough seeks to discover information that is
> protected by the deliberative process privilege, the attorney-client
> privilege, and the work product doctrine.

> C.  Schering-Plough seeks to discover third-party taxpayer
> information that is protected from disclosure by 26 U.S.C. § 6103.

(Jacobus Decl. ¶ 11.)

The parties have fully briefed the United States' relevance, deliberative

process privilege, attorney-client privilege, work product, and 26 U.S.C. § 6103

objections, and argued these matters before the U.S. District Court for the District

of New Jersey on October 23, 2006.  (Jacobus Decl. ¶ 12.)

At present, the parties await the U.S. District Court for the District of New

Jersey's ruling(s) concerning the United States' relevance, deliberative process

2252771.2

privilege, attorney-client privilege, work product , and 26 U.S.C. § 6103 objections

to the discovery sought by Schering-Plough.  (Jacobus Decl. ¶ 13.)

On February 15, 2007, the United States filed a letter motion with the U.S.

District Court for the District of New Jersey, asking that court to enter a

protective order prohibiting Schering-Plough from taking Ms. Stevens'

deposition.  (Jacobus Decl. ¶ 6, Ex. 3.)  The U.S. District Court for the District of

New Jersey has not acted on the United States' motion for a protective order.

## GROUNDS FOR QUASHING THE SUBPOENA

Ms. Stevens had no involvement in, and has no personal knowledge of, the

1991-1992 STRIPS transactions executed by Schering-Plough, nor the Service's

subsequent examination of these transactions.[2]  Ms. Stevens' only connection

with this litigation is her assertion of the deliberative process privilege, by

declarations executed on July 17, 2006 and September 14, 2006, on the Service's

behalf.  (Stevens Decl. ¶ 6-7, 9.)[3]  Schering-Plough proposes to examine Ms.

Stevens regarding these two declarations.  (Jacobus Decl. ¶ 5, Ex. 2.)

---

[2] *See* Declaration of Margo L. Stevens, submitted herewith, ¶¶ 4-5.

[3] Because the deliberative process privilege shields testimony as well as
documents, Ms. Stevens also reviewed and approved the testimony
authorizations issued by the Service, pursuant to 26 C.F.R. § 301.9000-1 *et seq.*, to
certain other IRS personnel that Schering-Plough has deposed or seeks to depose.
(2/8/07 Stevens Decl. ¶ 8.)

Schering-Plough may not examine Ms. Stevens about her invocations of the deliberative process privilege. Ms. Stevens' two declarations establish the requisite evidentiary basis for judicial review of the Service's deliberative process privilege claims. *See Marriott Intern. Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006) (holding that Ms. Stevens' written declaration properly invoked deliberative process privilege for IRS); *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998) (declaration executed by Acting Assistant Attorney General for Civil Rights Division of Justice Department "satisfied the formal procedural requirements for establishing the deliberative process privilege").[4]

Obviously, any predecisional deliberations within the Service that culminated in Ms. Stevens' execution of the two declarations are themselves protected by the deliberative process privilege, as well as the attorney-client privilege and work product doctrine. And to the extent that Schering-Plough seeks to examine Ms. Stevens about federal tax return information of third-party taxpayers who are strangers to this litigation (*e.g.*, the so-called First Taxpayer), such discovery is prohibited by 26 U.S.C. § 6103.

Because Schering-Plough seeks the "disclosure of privileged or other

---

[4] Indeed, Ms. Stevens' invocation of the deliberative process privilege is already before the U.S. District Court for the District of New Jersey, as her declaration dated July 17, 2006 supports the United States' deliberative process privilege objections to document production that Schering-Plough seeks.

protected matter and no exception or waiver applies," within the meaning of Fed.
R. Civ. P. 45(c)(3)(A)(iii), the Court should quash the February 6, 2007 subpoena
issued by Schering-Plough to Ms. Stevens.

## ALTERNATIVE GROUNDS FOR STAYING
## ALL PROCEEDINGS ON THE SUBPOENA

Even assuming there were any plausible reason for Ms. Stevens to give a
deposition in this matter (and there is not), it plainly makes no sense to proceed
with that deposition at this time. Should the U.S. District Court for the District of
New Jersey grant the United States' partial summary judgment motion, Ms.
Stevens' deposition will be moot. Additionally, this deposition should not take
place, if at all, unless and until the U.S. District Court for the District of New
Jersey overrules the United States' privilege and 26 U.S.C. § 6103 objections, in
whole or in part. Proceeding with the deposition now will waste time and
resources, and threaten Ms. Stevens with a potential second deposition if, and to
the extent, the U.S. District Court for the District of New Jersey later overrules the
United States' privilege and § 6103 objections.

Accordingly, should this Court decline to quash Schering-Plough's
subpoena at this time, the Court should stay all proceedings on the subpoena,
including Ms. Stevens' deposition, and defer to the U.S. District Court for the
District of New Jersey's forthcoming ruling on the United States' pending

2252771.2



motion, filed February 15, 2007, for a protective order prohibiting Schering-Plough from deposing Ms. Stevens. *See In re Sealed Case*, 141 F.3d 337, 341-43 (D.C. Cir. 1998) (holding such relief proper) (citing *Kearney v. Jandernoa*, 172 F.R.D. 381, 383-84 (N.D. Ill. 1997)).

## CONCLUSION

For the reasons set forth above, the United States respectfully asks the Court to quash the subpoena dated February 6, 2007, issued by Schering-Plough to Ms. Stevens.

In the alternative, the United States respectfully asks the Court to stay all proceedings on Schering-Plough's subpoena dated February 6, 2007, including Ms. Stevens' deposition, and to defer to the U.S. District Court for the District of New Jersey's forthcoming ruling on the United States' pending motion, filed February 15, 2007, for a protective order prohibiting Schering-Plough from deposing Ms. Stevens.

\\

\\

\\

\\

\\

7                                    2252771.2

Dated:  February 21, 2007

Respectfully submitted,

DAVID M. KATINSKY
RICHARD G. JACOBUS
DARA B. OLIPHANT
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6435
             (202) 616-0553
             (202) 616-2470

Counsel for the United States

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

8                                      2252771.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCHERING-PLOUGH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Misc. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Civil No. 05-2575 (JCL) (D.N.J.)) |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MARGO L. STEVENS**

2253157.1

CHRISTOPHER J. CHRISTIE
United States Attorney

SUSAN STEELE
Assistant U.S. Attorney

DAVID M. KATINSKY (DK-2549)
RICHARD G. JACOBUS (RJ-4791)
DARA B. OLIPHANT (DO-9423)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 307-6435
             (202) 616-0553
             (202) 616-2470

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SCHERING-PLOUGH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2575 |
| | ) | Hon. John C. Lifland |
| UNITED STATES OF AMERICA, | ) | Hon. Esther Salas, M.J. |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MARGO L. STEVENS**

I, Margo L. Stevens, being of legal age, do hereby declare and depose

as follows:

2212577.1

1.      I am the Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue Service (Service). The predecessor position to my present position before the Office of Chief Counsel reorganization in 2000 was the position of the Assistant Chief Counsel (Disclosure Litigation). I have assumed the authority previously vested in, or delegated to, the Assistant Chief Counsel (Disclosure Litigation). See IRM 1.11.4.3.1, a true and correct copy of which is attached hereto as Exhibit A. As Assistant Chief Counsel (Disclosure & Privacy Law), I am the official in the Office of Chief Counsel primarily responsible for the management and direction of the Disclosure & Privacy Law Program, which involves planning, directing, and coordinating the legal work of the Chief Counsel's office relating to the disclosure of any and all records or information of the Service and the Office of Chief Counsel. My specific duties include the assignment, review, and coordination of the work performed on various types of cases handled by the organization's attorney staff, including responsibility for furnishing advice and assistance to other offices within Chief Counsel on disclosure questions. I am also a principal legal advisor to the Service and the Chief Counsel's office on all disclosure questions and related legal matters pertaining to the Privacy Act, the

2212577.1

Freedom of Information Act (FOIA), and the disclosure provisions of the

Internal Revenue Code (I.R.C.).  I am also responsible for coordinating with

the Department of Justice all litigation involving disclosure, and maintaining

close coordination with the Office of Governmental Liaison and Disclosure

in order to furnish legal assistance on disclosure questions including the

processing of requests for the production of documents or testimony.  A

complete description of the duties described for my current position, the

Assistant Chief Counsel (Disclosure & Privacy Law), is published in the

Chief Counsel Directives Manual at CCDM 30.3.2.3.8.4 (July 21, 2005); a

true and correct copy is attached hereto as Exhibit B.

   2.  Pursuant to Delegation Order No. 220 (Rev. 3), IRM 1.2.53.6,

signed by the Commissioner of Internal Revenue and effective April 16,

1997, I have been delegated the authority to claim executive privilege on

behalf of the Service with respect to its documents or information in actions

before this Court. Delegation Order No. 220 (Rev. 3) is a delegation by the

Commissioner of Internal Revenue to my predecessor position, the Assistant

Chief Counsel (Disclosure Litigation), of the authority vested in the

Commissioner by Treasury Department Order 150-10 to claim executive

privilege with respect to Service records and information in actions before

the Federal courts.  The Delegation Order specifies the Commissioner's

2212577.1

standards and procedures required to be applied, including policy considerations, in making a determination whether to assert executive privilege as a basis for protecting internal or inter-agency records that reflect recommendations, advisory opinions, and deliberations, which comprise the process by which governmental decisions and policies are formulated. A true and correct copy of Delegation Order No. 220 (Rev. 3) is attached hereto as Exhibit C.

3.   In connection with my responsibilities, I am aware of the above-captioned lawsuit in which the Plaintiff filed a suit for refund of taxes paid to the Commissioner of Internal Revenue. The issue concerns two transactions ("STRIPS") entered into by the taxpayer in 1991 and 1992 that were designed to repatriate funds from a controlled foreign corporation of the taxpayer in the form of a disguised loan embedded in an interest rate swap arrangement which the Service contends was intended to avoid application of section 956 of the Internal Revenue Code.

4.   I had no involvement in, and have no personal knowledge of, the 1991-1992 STRIPS transactions entered into by Schering-Plough.

5.   I had no involvement in, and have no personal knowledge of, the Service's subsequent examination of the 1991-1992 STRIPS transactions entered into by Schering-Plough.

4

2212577.1

6.    In response to Plaintiff's Second Request for Production, served by Plaintiff on the United States in this action on March 10, 2006, pursuant to Rule 34 of the Federal Rules of Civil Procedure, I executed a declaration dated July 17, 2006, and a supplemental declaration dated September 14, 2006, to claim the executive privilege on behalf of the Service with respect to certain documents sought by Plaintiff.

7.    My declarations dated July 17, 2006 and September 14, 2006 describe my review of the documents for which I claimed the executive privilege on behalf of the Service.  None of the documents that I reviewed are in my possession, custody, or control.

8.    In connection with this action, I have also reviewed and approved testimony authorizations, pursuant to 26 C.F.R. § 301.9000-1 *et seq*., for Philip Cocuzza, Phyllis Marcus, Elizabeth Handler, Jeffrey Dorfman, and Diane Helfgott, all of whom are employed by the Service, and Alan Munro and Joel Helke, who are former employees of the Service.

9.    Apart from the matters described in paragraphs 6 through 8 above, I have had no other involvement in this action.

10.    The Tax Division of the United States Department of Justice has provided me with a copy of a subpoena served by Plaintiff on February 6, 2007.  Based on my review of the subpoena, I understand that Plaintiff

2212577.1

seeks to take my deposition on February 28, 2006, and requests that I

produce certain documents that are described in the subpoena on February

23, 2006, for Plaintiff's inspection.  I have possession, custody, or control of

no documents that are responsive to Plaintiff's February 6, 2007 subpoena.

I declare under penalty of perjury that the foregoing is true and

correct.  28 U.S.C. § 1746.

Executed on February __8__, 2007


_Margo L. Stevens_

MARGO L. STEVENS

6



Internal Revenue Manual
Part 1 – Organization, Finance and Management
Chapter 1.11 – Internal Management Documents System
1.11.4 - Delegation Orders
1.11.4.3 - Scope of Delegation Orders

1.11.4.3.1 - Effect of Personnel and Organizational Changes on Delegation Orders
(05-01-2006)

   (1) Delegations of authority made by any predecessor of an incumbent will be
treated as having been made by the incumbent, unless or until the incumbent modifies
or revokes such authority. Similarly, an incumbent assumes all authorities
previously vested in, or delegated to, the incumbent's position.

   (2) When organizational or personnel changes are made which alter
title/designation, without substantive alteration in function or duty, existing
Delegation Orders remain in effect until updated by the appropriate organization.
When organizational or personnel changes are made which alter title/designation,
without substantive alteration in function or duty, existing delegation orders
remain in effect until updated by the appropriate organization.

END OF DOCUMENT

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.
EXHIBIT A

Internal Revenue Manual
Part 30 - Administrative
Chapter 30.3 - Organizations, Functions, Designations, and Delegations of
Authority
30.3.2 - Delegations of Authority and Designations
30.3.2.3 - Associate Chief Counsel Functional Statements, including
Delegations of Authority to Specific Associates Chief Counsel
30.3.2.3.8 - Associate Chief Counsel (Procedure & Administration)

30.3.2.3.8.4 - Assistant Chief Counsel (Disclosure & Privacy Law) (07- 21-2005)

   (1) General. The Assistant Chief Counsel (Disclosure & Privacy Law)(DPL) is one of
three technical subject expert components within the Office of the Associate Chief
Counsel (P & A). The Assistant Chief Counsel manages a subordinate office consisting
of two branches of attorneys responsible for assisting the Associate Chief Counsel
(P & A) in accomplishing the mission of the office with respect to matter arising
under the disclosure laws, Privacy Act and Freedom of Information Act.

   (2) Subject Matter Responsibilities. The Assistant Chief Counsel (DPL) is
responsible for planning, directing, and coordinating the work of the Office of
Chief Counsel with respect to matters relating to the disclosure of any and all
records or information of the Service and the Office of Chief Counsel. The Assistant
Chief Counsel's subject matter responsible includes matters under the disclosure
provisions of the Internal Revenue Code (sections 6103, 6104, 6108, 6110, 4424,
7213, 7213A, 7431, 7513 and 7852(e), Treas. Reg. § 301.9000-1, the Freedom of
Information Act, and the Privacy Act of 1974.

   (3) The Assistant Chief Counsel (DPL) performs the following functions (in
addition to those described in CCDM 30.3.2.3.8.1:(3):
   (a.) Develops the Service's position in litigation with the Operating Division
Counsel, the Service, and DJ in areas within the Assistant's jurisdiction in order
to ensure that consistent and appropriate positions are taken in litigation.
Provides direct litigation support to DJ in matters within the Division's area of
responsibility.
   (b.) Coordinates with other executives and managers in the handling and
processing of all cases or matters referred to DJ for prosecution or defense.
   (c.) Makes recommendations for the Office concerning the recommendation of
acquiescence and nonacquiescence in adverse decisions in litigation; actions on
decision in adverse decisions, where appropriate; and recommendations to DJ
regarding appeals from adverse decisions, rehearing and rehearing en banc, the
filing of amicus curiae briefs, and petitions for writ of certiorari to the U.S.
Supreme Court.
   (d.) Assists the Associate in coordinating disclosure matters with congressional
committees, the Department of the Treasury, the Commissioner's office, the Treasury
Inspector General for Tax Administration, DJ, and other departments and agencies on
matters within his/her jurisdiction.
   (e.) Advises DJ as to the facts and legal positions of the Service in
litigation. Coordinates the Service position in litigation with other Associate
offices, the Operating Divisions, Operating Division Counsels, and the Service in
areas within his/her jurisdiction. Coordinates, as appropriate, with other
executives and managers in the preparation of advice to DJ as to the facts and law;
and makes recommendations concerning defense, settlement, or concession in suits
pending in the courts. Coordinates with DJ the defense of any case where an
employee's refusal to testify or produce Service records results in, or may result
in, an Order to show cause as to why that employee should not be held in Contempt of
Court, or an actual Order of Contempt. Prepares such documents setting forth the
Service position in such cases.
   (f.) Coordinates, as appropriate, with other executives and managers in his/her
handling and processing of actions to restrain disclosure under section 6110 in the
U.S. Tax Court, including the determination of the Service's litigating position in
such cases.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.
EXHIBIT B

(g.) Discharges such other responsibilities as the Associate Chief Counsel (P & A) may from time to time prescribe.

(4) The Chief Counsel's authority to receive service of subpoenas or summons in other than U.S. Tax Court matters is delegated, through the Associate Chief Counsel (P & A), to the Assistant Chief Counsel (DPL). This includes the authority to receive service of any subpoena, summons, or other judicial process directed to any officer or employee of the Department of the Treasury in his or her official capacity in any litigation (other than the U.S. Tax Court).

(a.) Under the authority of the Assistant Chief Counsel (DPL), the Deputy Assistant Chief Counsel, Branch Chiefs, and Senior Technician Reviewers in the Office of Assistant Chief Counsel (DPL) are authorized to receive service of any subpoena, summons, or other judicial process directed to an officer or employee of the Department of the Treasury in his or her official capacity in any litigation (other than the U.S. Tax Court).

(b.) This authority may be redelegated by the Assistant Chief Counsel (DPL) to other attorneys in the office of the Assistant Chief Counsel (DPL).

(c.) If a Deputy U.S. Marshall or other process server attempts to serve process on any person not delegated authority to receive process under this provision, that person should refuse such service and direct the process server to one of the persons having authority to receive service.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT B



Internal Revenue Manual
Part 1 - Organization, Finance and Management
Chapter 1.2 - Servicewide Policies and Authorities
1.2.53 - Delegation of Authorities for Chief Counsel Activities

1.2.53.6 - Delegation Order 220 (Rev. 3) (04-16-1997)

(1) **Claims of Executive Privilege in Federal Courts (Updated (10-02-2000) to reflect additional new organizational titles required by IRS Modernization.)**

(2) **Authority:** To claim executive privilege with respect to the Internal Revenue Service records or information in matters before the United States Court of Federal Claims, the United States Tax Court, and other federal courts.

(3) Certain federal courts recognize claims of executive privilege by the head of the agency as the sole basis for protecting internal or inter-agency records or information that reflect recommendations, advisory opinions, deliberations, and other similar matters, comprising the process by which governmental decisions and policies are formulated.

(4) Executive privilege may be claimed only for those internal or inter-agency records or information that are predecisional and deliberative, the disclosure of which would significantly impede or nullify Internal Revenue Service actions in carrying out a responsibility or function or would constitute an unwarranted invasion of personal privacy. Before any claim of executive privilege is made, there shall be coordination with the appropriate function(s).

(5) Authority to claim the states secrets privilege is not delegated by this order. The states secrets privilege generally encompasses records or information, the disclosure of which would harm national security or the conduct of international relations.

(6) **Delegated to:** Through the Chief Counsel to the Assistant Chief Counsel (Disclosure Litigation), or in the absence, or at the request, of the Assistant Chief Counsel (Disclosure Litigation), to the Deputy Assistant Chief Counsel (Disclosure Litigation).

**Note:** This authority is also delegated through the Chief Counsel to the Deputy Associate Chief Counsel (Procedure and Administration)

(7) **Redelegation:**

**Note:** This authority may only be redelegated by the Chief Counsel.

(8) **Source of Authority:** Treasury Department Order 150-10.

(9) To the extent that the authority previously exercised consistent with this order may require ratification, it is hereby approved and ratified. This order supersedes Delegation Order 220 (Rev. 2), effective October 1, 1991.

(10) Signed: Margaret Milner Richardson, Commissioner

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.
EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCHERING-PLOUGH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Misc. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Civil No. 05-2575 (JCL) (D.N.J.)) |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF RICHARD G. JACOBUS**

1.  I am employed as a trial attorney for the Tax Division of the United States Department of Justice in Washington, D.C.

2.  As part of my duties in this position, I have been assigned litigation responsibility for the above-captioned federal income tax refund suit, pending in the U.S. District Court for the District of New Jersey.

3.  This Declaration is submitted in support of the United States' motion to quash the deposition subpoena dated February 6, 2007, served by Schering-Plough Corporation, plaintiff in the above-captioned action, upon Margo L. Stevens, Esq., the Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue Service.

4.  Annexed hereto as Exhibit 1 is a true and accurate copy of the subpoena

2252610.1

dated February 6, 2007, issued by Schering-Plough to Ms. Stevens.

5. Annexed hereto as Exhibit 2 is a true and accurate copy of Schering-Plough's letter dated February 7, 2007, to the United States.

6. Annexed hereto as Exhibit 3 is a true and accurate copy of the United States' letter motion for a protective order prohibiting Schering-Plough from taking Ms. Stevens' deposition, electronically filed with the U.S. District Court for the District of New Jersey on February 15, 2007.

7. In support of its February 15, 2007 letter motion, the United States filed a copy of the Declaration of Margo L. Stevens, dated February 8, 2007 with the U.S. District Court for the District of New Jersey. The original Declaration, bearing Ms. Stevens' original signature, is submitted herewith in support of the United States' motion to quash Schering-Plough's deposition subpoena dated February 6, 2007.

8. In the above-captioned refund suit, pending in the District of New Jersey, Schering-Plough seeks to recover about $473 million of federal income taxes and statutory interest allegedly overpaid. The merits hinge on the federal income tax treatment of financial transactions ("STRIPS") executed by Schering-Plough in 1991 and 1992. Contesting the tax on its merits, Schering-Plough contends that $690,400,000 of cash proceeds that it received

2                                                      2252610.1

from the 1991-1992 STRIPS transactions is not subject to income tax upon receipt.

9. As an independent theory of recovery, Schering-Plough complains that it was treated differently by the IRS than another taxpayer (the "First Taxpayer") that allegedly entered into a transaction identical to the 1991-1992 STRIPS transactions executed by Schering-Plough. The deposition subpoena issued by Schering-Plough to Ms. Stevens relates to this disparate treatment claim.

10. On July 28, 2006, the United States filed a motion for partial summary judgment regarding Schering-Plough's disparate treatment claim with the U.S. District Court for the District of New Jersey. If the U.S. District Court for the District of New Jersey grants the United States' partial summary judgment motion and rejects Schering-Plough's disparate treatment claim, discovery respecting that claim, including Ms. Stevens' deposition, will be moot.

11. Through discovery directed at the Internal Revenue Service ("IRS"), Schering-Plough seeks documents, and depositions of current and former IRS officials, relating to First Taxpayer. In the above-captioned action, pending in the District of New Jersey, the United States has objected to Schering-Plough's discovery for the following reasons:

      A. The discovery sought by Schering-Plough is irrelevant to the merits of the action.

3

B.  Schering-Plough seeks to discover information that is protected by the deliberative process privilege, the attorney-client privilege, and the work product doctrine.

C.  Schering-Plough seeks to discover third-party taxpayer information that is protected from disclosure by 26 U.S.C. § 6103.

12.  The parties have fully briefed the United States' relevance, deliberative process privilege, attorney-client privilege, work product , and 26 U.S.C. § 6103 objections, and argued these matters before the U.S. District Court for the District of New Jersey on October 23, 2006.

13.  At present, the parties await the U.S. District Court for the District of New Jersey's ruling(s) concerning the United States' relevance, deliberative process privilege, attorney-client privilege, work product , and 26 U.S.C. § 6103 objections to the discovery sought by Schering-Plough.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.  28 U.S.C. § 1746(2).

Executed on February 20, 2007.

RICHARD G. JACOBUS

4                                                            2252610.1

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Columbia _____

| Schering-Plough Corporation | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| United States | |

Case Number:[1]  05-2575 District of New Jersey

TO: Ms. Margo L. Stevens
    c/o David Katinsky
    P O Box 227
    Washington, DC 20044

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION<br>Fulbright & Jaworski L.L.P.,<br>Market Square, 801 Pennsylvania Avenue, NW, Washington, D.C. 20004-2623 | DATE AND TIME<br>2/28/07 @ 9:30 a.m. |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

All documents requested in exhibit "A" to Plaintiff's Notice of Oral and Videotaped Deposition and
Subpoena Duces Tecum of Margo L. Stevens

| PLACE<br>Fulbright & Jaworski L.L.P.,<br>Market Square, 801 Pennsylvania Avenue, NW, Washington, D.C. 20004-2623 | DATE AND TIME<br>2/23/07 @ 9:30 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*William S. Lee*   Attorney for Plaintiff | DATE<br>2/6/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William S. Lee, Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100, Houston, TX 77010

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 1**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 2/6/07 | P O Box 227<br>Washington, DC 20044 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Margo Stevens<br>c/o David Katinsky | Certified Mail Return Receipt and email |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William S. Lee | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/6/07
                        DATE

_William S. Lee_
SIGNATURE OF SERVER

1301 McKinney, Suite 5100
ADDRESS OF SERVER

Houston, TX 77010

# EXHIBIT 1

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SCHERING-PLOUGH CORPORATION,          §
                                      §
           Plaintiff,                 §
                                      §
v.                                    §          Civil Action No.  05-2575 (JCL)
                                      §
UNITED STATES OF AMERICA,             §
                                      §
           Defendant.                 §
                                      §

## PLAINTIFF'S NOTICE OF ORAL AND VIDEOTAPED DEPOSITION AND SUBPOENA DUCES TECUM OF MARGO L. STEVENS

To:    Defendant United States, by and through its attorney of record, David Katinsky, Civil Trial Section, Eastern Division, U.S. Department of Justice, Tax Division, P O Box 227, Washington, D.C. 20044.

COMES NOW, Plaintiff in the above-styled and numbered cause, and gives notice of its intention to take the oral and videotaped deposition of Margo L. Stevens on Wednesday, February 28, 2007, beginning at 9:30 a.m. and continuing until completed, at the offices of Fulbright & Jaworski L.L.P., 801 Pennsylvania Avenue, N.W., Washington, DC 20004-2623.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, this notice also constitutes a subpoena duces tecum. To the extent not previously produced, the deponent shall bring with him and produce at said time and place the documents listed on Exhibit A.

40278050 2                          - 1 -                    EXHIBIT 1

Dated February 6, 2007.

> William J. O'Shaughnessy
> McCarter & English, LLP
> 100 Mulberry Street
> Newark, New Jersey 07102-4096
> Telephone: (973) 639-2094
> Facsimile: (973) 624-7070

> Charles W. Hall
> William S. Lee
> Nancy T. Bowen
> Tom Godbold
> William J. Boyce
> Fulbright & Jaworski L.L.P.
> 1301 McKinney, Suite 5100
> Houston, Texas 77010-3095
> Telephone: (713) 651-5151
> Facsimile: (713) 651-5246

By: *William S. Lee*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The foregoing document was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by telecopy and by first class U.S. mail, certified receipt requested, on February 6, 2007, upon

> David M. Katinsky
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Ben Franklin Station
> Washington, D.C. 20044

*William S. Lee*

Attorneys for Plaintiff

40278050 2

- 2 -

# EXHIBIT 1

## EXHIBIT A

### I. DEFINITIONS

1.  "Document" is defined as synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and refers to any original written, recorded or graphic matter whatsoever and all non-identical copies thereof that are within your possession, custody or control.

2.  The terms "and" and "or" are both used in the inclusive sense, and both require all documents that meet the description of one or more of the disjunctive words or phrases.

3.  The terms "include" or "including" denote a portion of a larger whole and are used without limitation.

4.  The term "relate" means constituting or having some bearing on an indicated subject or mentioning the subject, even if only in passing, including, but not limited to, any document or communication that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject.

5.  "Any" shall mean any and all.

6.  "Evidences" shall mean proving, indicating, or probative of the existence or nature of some thing or matter.

7.  "United States of America" shall mean the United States and all Agencies and Departments of the United States, including but not limited to, the Department of Treasury, Internal Revenue Service.

8.  "You" or "your" shall collectively and separately mean the United States of America, its agents, representatives, consultants, experts, investigators, and all other persons or other entities acting or purporting to act for or on behalf of the United States of America. The term includes Department of Justice and Internal Revenue Service attorneys, and other employees whenever the context of the inquiry or request is such that it does not call for privileged information.

9.  Unless the context clearly requires otherwise, any word importing (a) the singular includes the plural, (b) one gender includes the other gender, and (c) the past tense includes the present tense, and vice versa.

40278050.2

**EXHIBIT 1**

## II. INSTRUCTIONS

1. In producing documents and other materials, you are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your agents, employees, or representatives.

2. All documents you produce in response to these Requests shall be organized and labeled to correspond with the number of the request to which the documents are responsive. If such is not possible, please give the reasons why.

3. You are instructed to produce each document in response to this request in its entirety without deletion or excision regardless of whether you consider the entire document to be relevant or responsive. If any requested document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document or portion is being withheld.

4. If you object to any request on the ground that it is overly broad, you are instructed to produce documents in response to the request as narrowed to conform to your objection within the period allowed for a response and to state in your response: (1) how you narrowed the request; and (2) the reason why you claim the request is overly broad.

5. If you withhold any document responsive to any request pursuant to a claim of privilege, work-product or otherwise, you shall provide the following information with respect to such document:

   a. The type of document, (e.g., letter or memorandum);

   b. The actual or approximate date of the document;

   c. The author(s) of the document and any other person(s) who prepared or participated in the preparation of the document;

   d. A description of the subject matter and physical size (e.g., the number of pages) of the document;

   e. All addressees and recipient(s) of the original or a copy thereof, together with the date or approximate date on which said recipient(s) received the document or a copy thereof;

   f. All other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

   g. The nature of the privilege or other rule of law relied upon and any facts supporting your position.

6. If a document responsive to the following requests has been destroyed or discarded, you are to identify the document as per the instructions in paragraphs 5(a) through (g).

7. If no documents responsive to a particular document request exist or are within your possession, custody or control, you must so state in your response to this request.

40278050.2

- 4 -

**EXHIBIT 1**



8.    Pursuant to Rule 26(e), these requests shall be deemed continuing so as to require further and supplemental production if, between the date hereof and the time of the hearing or trial, any additional documents responsive to this request come into defendant's possession, custody or control or that of their agents.  The definitions and instructions previously set forth in this request are applicable to any such supplemental production.

### III.  DOCUMENTS TO BE PRODUCED

1.    All documents that relate to or reflect the IRS's consideration or review of Schering-Plough's interest rate swap and assignment transactions that are the subject of this suit, including without limitation any such documents in the files of Salvatore Labella, Dennis Rooney, Philip Cocuzza, Fred Namoli, James McDonough, Judith Healey, or Victor Milano.  The documents to be produced do not include any documents previously produced to Schering-Plough or its counsel in response to any Freedom of Information Act request, or in discovery in this suit, or that were included on any Vaughn Index or privilege log previously provided to Schering-Plough or its counsel.

2.    All documents that relate to or reflect the IRS's consideration or review of any interest rate swap and assignment transaction undertaken by any taxpayer other than Schering-Plough, to the extent such documents were reviewed, considered, or relied upon during the IRS examination of the interest rate swap and assignment transactions that are the subject of this suit, including without limitation any such documents in the files of Salvatore Labella, Dennis Rooney, Philip Cocuzza, Fred Namoli, James McDonough, Judith Healey, or Victor Milano.  The documents to be produced do not include any documents previously produced with or included on the privilege log accompanying your Supplemental Declaration executed on September 14, 2006.

**EXHIBIT 1**

02/07/07    14:51    FULBRIGHT → 00497101093911202514    NO.022    D02

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
FULBRIGHT TOWER
1301 McKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

WILLIAM S. LEE
PARTNER
WLEE@FULBRIGHT.COM

DIRECT DIAL:    (713) 651-5633
TELEPHONE:    (713) 651-5151
FACSIMILE:    (713) 651-5246

<u>BY TELECOPY</u>

February 7, 2007

Mr. Richard G. Jacobus
United States Department of Justice
Civil Trial Section
555 4th Street NW, Room 6826
Washington, DC 20530

>          Re:    Schering-Plough Corporation v. United States
>                 Civil Action No. 05-2575(JCL)
>                 United States District Court, District of New Jersey
>                 5-48-19846

Dear Mr. Jacobus:

Schering-Plough believes that it is entitled to depose Ms. Stevens regarding her statements in the two Declarations she has submitted in this case and related matters. Schering-Plough intends to do so on February 28, 2007, in the city where we understand Ms. Stevens is employed, Washington, D.C., for Ms. Stevens' convenience.

We regret that the defendant may take up the Court's time with an attempt to prevent Schering-Plough from deposing Ms. Stevens.

Thank you for your cooperation in this matter. If you have any questions, please call me at 713/651-5633, or Tom Godbold at 713/651-7703.

Very truly yours,

William S Lee

William S. Lee

WSL:jeg

40205805.1
HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO
DUBAI • HONG KONG • LONDON • MUNICH • RIYADH

**EXHIBIT 2**

02/07/07    14:51    FULGHT → 00497101093911202514                    NO.022    D03

Mr. Richard G. Jacobus
February 7, 2007
Page 2


cc: Mr. David M. Katinsky
    Mr. William J. O'Shaughnessy
    Mr. Charles W. Hall
    Mr. Tom C. Godbold
    Ms. Nancy T. Bowen

40296865.1

EXHIBIT 2



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

EJO'C:DAH:RGJacobus
5-48-19846
CMN 2005104645

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 616-0553*
*Telecopier: (202) 514-6866*

February 15, 2007

*VIA ELECTRONIC FILING (CM/ECF),*
*ORIGINAL VIA FEDERAL EXPRESS*

Honorable Esther Salas
United States Magistrate Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07102

     Re:  <u>Schering-Plough v. United States, No. 2:05-cv-2575-JCL-ES  (D.N.J.)</u>

Dear Judge Salas:

     By subpoena dated February 6, 2007, Schering-Plough seeks to take the deposition of Margo L. Stevens, Esq., the Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue Service ("IRS"), on February 28, 2007.[1]

     For the reasons set forth herein, the United States respectfully asks the Court to enter a protective order prohibiting Schering-Plough from taking Ms. Stevens' deposition.  A proposed protective order is enclosed.

     Alternatively, the United States respectfully asks the Court to stay all proceedings on the subpoena issued by Schering-Plough to Ms. Stevens until the Court rules on **(i)** the United States' pending motion for partial summary judgment on Schering-Plough's disparate treatment claim,[2] and **(ii)** the pending dispute over the United States' deliberative process privilege, attorney-client privilege, work product doctrine, 26 U.S.C. § 6103, and relevance objections to the document discovery that Schering-Plough seeks.[3]

---

[1] *See* Declaration of Richard G. Jacobus, submitted herewith, at ¶ 4, Ex. 1.

[2] *See* docket Nos. 46-47, 49-50, 71.

[3] *See* docket Nos. 36-38, 40, 67, 69, 72.

**EXHIBIT 3**

#### A.    Background.

As Your Honor is aware, in this suit for refund, Schering-Plough seeks to recover about $473 million of federal income taxes and statutory interest allegedly overpaid. The merits hinge on the federal income tax treatment of financial transactions ("STRIPS") executed by Schering-Plough in 1991 and 1992. Contesting the tax on its merits, Schering-Plough contends that $690,400,000 of cash proceeds that it received from the 1991-1992 STRIPS transactions is not subject to income tax upon receipt.

As an independent theory of recovery, Schering-Plough complains that it was treated differently by the IRS than another taxpayer (the "First Taxpayer") that allegedly entered into a transaction identical to the 1991-1992 STRIPS transactions executed by Schering-Plough. The following matters relating to Schering-Plough's disparate treatment claim are fully briefed and await the Court's decision:

O      On July 28, 2006, the United States filed a motion for partial summary judgment on Schering-Plough's disparate treatment claim. If the Court grants our partial summary judgment motion and rejects Schering-Plough's disparate treatment claim, discovery respecting that claim is moot.

O      Through discovery directed at the IRS, Schering-Plough seeks documents, and depositions of current and former IRS officials, relating to First Taxpayer. By Order filed November 3, 2006 (docket No. 61), the Court directed the United States to produce 11 documents for *in camera* examination. As to these 11 documents, the parties await the Court's rulings on the United States' deliberative process privilege, attorney-client privilege, work product doctrine, 26 U.S.C. § 6103, and relevance objections. Assuming that Schering-Plough's disparate treatment claim survives summary judgment, the Court's ruling on the United States' objections will define the permissible scope of Schering-Plough's discovery.

O      Unwilling to await the Court's resolution of the threshold issues above, on December 1, 2006, Schering-Plough issued deposition subpoenas to Diane Helfgott, Elizabeth Handler, Jeffrey Dorfman, Phyllis Marcus, attorneys employed by the Office of Chief Counsel, and Alan Munro and Joel Helke, former Chief Counsel attorneys. By letter motion dated December 8, 2006 (docket No. 67), the United States asked the Court to: **(i)** bar Schering-Plough from deposing Mr. Munro, and **(ii)** stay all proceedings on the subpoenas issued by Schering-Plough to the other five current and former Chief Counsel attorneys, pending the Court's rulings on the United States' partial summary judgment motion and discovery objections.

With its subpoena to Ms. Stevens, Schering-Plough now seeks to initiate yet another round of redundant discovery litigation.

2242097.1

EXHIBIT 3

- 3 -

**B.    The Court Should Prohibit Schering-Plough
From Taking Ms. Stevens' Deposition.**

Ms. Stevens' connection with this litigation is attenuated at best.  She had no
involvement whatsoever in the 1991-1992 STRIPS transactions executed by Schering-
Plough, nor the Service's subsequent examination of those transactions.[4]  Therefore, even
assuming the IRS treated Schering-Plough differently than First Taxpayer, Ms. Stevens
could not speak to that matter.

Ms. Stevens' only connection with this case is her assertion of the deliberative
process privilege, by declarations executed on July 17, 2006 and September 14, 2006, on the
Service's behalf.[5]

Schering-Plough represents that it wishes to explore Ms. Stevens' two declarations,
with emphasis on any documents relating to First Taxpayer that are "embedded" (to use
Schering-Plough's term) in IRS audit files maintained by Philip Cocuzza, the revenue agent
who conducted the examination of the 1991-1992 STRIPS transactions executed by
Schering-Plough.  This is not a legitimate reason for taking Ms. Stevens' deposition.

Ms. Stevens is not the custodian of Mr. Cocuzza's files relating to the examination of
the 1991-1992 STRIPS transaction executed by Schering-Plough, and she has no firsthand
knowledge of the contents of Mr. Cocuzza's files.[6]  She merely reviewed certain documents
in Mr. Cocuzza's files to determine whether the deliberative process privilege shields these
documents from disclosure.  The nine documents relating to First Taxpayer that Schering-
Plough deems "embedded" in Mr. Cocuzza's file are described in exacting detail in Ms.
Stevens' supplemental declaration dated September 14, 2006,[7] and in a supplemental
privilege log served by the United States on October 5, 2006.

---

[4]  *See* Declaration of Margo L. Stevens, dated February 8, 2007 ("2/8/07 Stevens
Decl."), submitted herewith, at ¶¶ 4-5.

[5]  *See* Declaration of Margo L. Stevens, dated July 17, 2006, and filed July 18, 2006
(docket No. 37); Supplemental Declaration of Margo L. Stevens, dated September 14,
2006 ("9/14/06 Stevens Supp. Decl."), submitted herewith; 1/8/07 Stevens Decl. ¶¶ 6-7,
9.  Because the deliberative process privilege shields testimony as well as documents,
Ms. Stevens also reviewed and approved the testimony authorizations issued by the
Service, pursuant to 26 C.F.R. § 301.9000-1 *et seq.*, to Philip Cocuzza (the examining
revenue agent, deposed by Schering-Plough on January 10, 2007), and Marcus, Handler,
Dorfman, Helfgott, Munro, and Helke.  (2/8/07 Stevens Decl. ¶ 8.)

[6]  2/8/07 Stevens Decl. ¶ 10; 9/14/06 Stevens Supp. Decl. ¶¶ 2-3, 6.

[7]  9/14/06 Stevens Supp. Decl. ¶ 7.

2242097.1

**EXHIBIT 3**

- 4 -

If it is truly Schering-Plough's objective to learn more about the nine "embedded" documents in Mr. Cocuzza's file, deposing Ms. Stevens will not materially promote that objective. Further, as the Court is aware, Schering-Plough conducted an all-day deposition of Mr. Cocuzza on January 10, 2007. As a result, Schering-Plough already has all the unprivileged, non-section 6103 information regarding the nine "embedded" documents that it is entitled to.

What is more, Schering-Plough may not examine Ms. Stevens about her invocations of the deliberative process privilege. The United States' privilege logs and Ms. Stevens' two declarations establish the requisite evidentiary basis for judicial review of the Service's deliberative process privilege claims. *See Marriott Intern. Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006) (holding that Ms. Stevens' written declaration properly invoked deliberative process privilege for IRS); *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998) (declaration executed by Acting Assistant Attorney General for Civil Rights Division of Justice Department "satisfied the formal procedural requirements for establishing the deliberative process privilege").[8] Moreover, any predecisional deliberations within the Service that culminated in Ms. Stevens' execution of the two declarations are themselves protected by the deliberative process privilege, as well as the attorney-client privilege and work product doctrine.

Ms. Steven's deposition will not advance Schering-Plough's discovery regarding its disparate treatment allegations, and will not aid the Court's evaluation of the deliberative process privilege claims that Ms. Stevens has made on the Service's behalf. Accordingly, the United States respectfully asks the Court to prohibit Schering-Plough from taking Ms. Stevens' deposition.

**C.     Alternatively, the Court Should Stay All Proceedings on the Subpoena Issued by Schering-Plough to Ms. Stevens, Pending the Court's Rulings on Threshold Legal and Discovery Issues.**

Even assuming there were any plausible reason for Ms. Stevens to give a deposition in this matter (and there is *not*), it plainly makes no sense to proceed with that deposition at this time. Should the Court grant the United States' partial summary judgment motion, Ms. Stevens' deposition will be moot. Additionally, it makes no sense to burden Ms. Stevens with a premature deposition at this time, followed by a potential second deposition after the Court rules on the United States' deliberative process privilege, attorney-client privilege, work product, 26 U.S.C. § 6103, and relevance objections.

---

[8] Indeed, Ms. Stevens' invocation of the deliberative process privilege is already before the Court. Her declaration dated July 17, 2006 (docket No. 37) supports the United States' deliberative process privilege objections to the document production that Schering-Plough seeks.

**EXHIBIT 3**

- 5 -

The more prudent course, we respectfully submit, if Ms. Stevens is to give a deposition in this matter, is to defer the deposition until the Court rules on the threshold legal issues.[9]  Deferring Ms. Stevens' deposition will not prejudice Schering-Plough.  As we have informed Schering-Plough, the United States does not object to an enlargement of the discovery schedule, if necessary, for this purpose.

In any event, Schering-Plough has conceded the discovery it seeks is far less urgent than it would have the Court believe.  On January 4, 2007, Schering-Plough served a third-party subpoena on Brunswick Corporation ("Brunswick").  The subpoena reflects Schering-Plough's apparent belief that Brunswick possesses evidence that is pertinent to Schering-Plough's disparate treatment claim.  On January 16, 2007, Brunswick filed a motion to quash Schering-Plough's subpoena with the U.S. District Court for the Northern District of Illinois.  That same day, with Schering-Plough's consent, Brunswick filed an agreed motion to defer the briefing on its motion to quash until this Court decides the United States' partial summary judgment motion regarding Schering-Plough's disparate treatment claim.[10]

Similarly, on January 8, 2007, Schering-Plough served a third-party subpoena on CBS Operations Inc., successor to Paramount Communications, Inc. ("Paramount"), seeking much the same information as the Brunswick subpoena.  On January 23, 2007, Paramount filed a motion to quash Schering-Plough's subpoena with the U.S. District Court for the Western District of Pennsylvania.  That same day, with Schering-Plough's consent, Paramount filed an agreed motion to defer the briefing on its motion to quash until this Court decides the United States' partial summary judgment motion.[11]

By consenting to defer the briefing on Brunswick's and Paramount's motions to quash, Schering-Plough concedes the United States' partial summary judgment motion, if granted, will render moot the discovery that Schering-Plough seeks.  Schering-Plough also concedes the discovery it seeks from Brunswick and Paramount can, and should, await *this* Court's ruling on the United States' partial summary judgment motion.

---

[9]  For the very same reason, the United States has asked the Court to stay the depositions of Helfgott, Handler, Marcus, Dorfman, and Helke.

[10]  *See* United States' Response to Supplement to Schering-Plough's Brief in Opposition to Motion for Partial Summary Judgment on Disparate Treatment Claim, filed January 22, 2007, at 6-8 and Exhibits A-B (docket No. 71).  Undersigned counsel also provided a copy of Brunswick's agreed motion to defer the briefing on its motion to quash to the Court at the January 23, 2007 status conference.

[11]  *See* Exhibits 4-5, submitted herewith.  The United States respectfully asks this Court to take judicial notice of the Brunswick and Paramount court filings pursuant to Fed. R. Evid. 201(d).

2242097.1

EXHIBIT 3

- 6 -

The same is true of the discovery that Schering-Plough seeks from the United States, including Ms. Steven's deposition.[12]  With this in mind, should the Court allow Schering-Plough to take Ms. Stevens' deposition, the United States respectfully requests that the deposition be deferred until the Court rules on our partial summary judgment motion and the pending dispute over the United States' deliberative process privilege, attorney-client privilege, work product, 26 U.S.C. § 6103, and relevance objections to Schering-Plough's document discovery.

### D.    Conclusion.

For the reasons set forth above, the Court should prohibit Schering-Plough from taking Ms. Stevens' deposition.

Alternatively, the Court should stay all proceedings on the subpoena issued by Schering-Plough to Ms. Stevens until the Court rules on **(i)** the United States' pending motion for partial summary judgment on Schering-Plough's disparate treatment claim, and **(ii)** the pending dispute over the United States' deliberative process privilege, attorney-client privilege, work product doctrine, 26 U.S.C. § 6103, and relevance objections to the document discovery that Schering-Plough seeks.

Thank you for Your Honor's kind consideration of this matter.  Should the Court have any questions, please contact me at (202) 616-0553, David M. Katinsky at (202) 307-6435, or Dara B. Oliphant at (202) 616-2470.

Sincerely yours,

   /s/ Richard G. Jacobus
RICHARD G. JACOBUS
Senior Litigation Counsel

Enclosures as stated

cc:    David M. Katinsky, Esq.
       Dara B. Oliphant, Esq.

---

[12]  Ironically, the discovery that Schering-Plough seeks from Brunswick and Paramount does not even implicate 26 U.S.C. § 6103 or the deliberative process privilege, as in the case of the discovery that Schering-Plough seeks from the United States.  Given the greater scope and complexity of the United States' objections to discovery, from the standpoint of judicial economy, efficiency, and burdens to witnesses and the parties, a standstill in the present case makes far more sense that the standstills that Schering-Plough has agreed to with Brunswick and Paramount.

2242097.1

# EXHIBIT 3

- 7 -

William J. O'Shaughnessy, Esq.
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, N.J. 07102-4056
(via Federal Express)

Charles W. Hall, Esq.
William S. Lee, Esq.
Nancy T. Bowen, Esq.
Tom C. Godbold, Esq.
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
(via Federal Express)

2242097 1

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCHERING-PLOUGH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Misc. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Civil No. 05-2575 (JCL) (D.N.J.)) |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the United States' Motion to Quash

Schering-Plough Corporation's Subpoena to Margo L. Stevens, the Memorandum

of Law in Support of United States' Motion to Quash Schering-Plough

Corporation's Subpoena to Margo L. Stevens, the Declaration of Richard G.

Jacobus and accompanying Exhibits 1, 2, and 3, the Declaration of Margo L.

Stevens and accompanying Exhibits A, B, and C, and a proposed Order, were

caused to be served this 21st day of February, 2007, by depositing true and

correct copies thereof with Federal Express, postage prepaid, addressed as

follows:

2253322.1

Charles W. Hall, Esq.
William S. Lee, Esq.
Tom C. Godbold, Esq.
Nancy T. Bowen, Esq.
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(via Federal Express)

William J. O'Shaughnessy, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-06502
(via Federal Express)

RICHARD G. JACOBUS

2                                                    2253322.1